UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shawn Stoica,

                Plaintiff,      Case No. 19-13218

v.

                             Judith E. Levy
                             United States District Judge

Andrew Saul, Commissioner of
Social Security                Mag. Judge Patricia T. Morris

                Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART
MOTION FOR ATTORNEY FEES [17]**

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 17.) For the reasons set forth below, the motion is granted in part.

    **I.    Background**

On September 23, 2016, Plaintiff Shawn Stoica filed an application for Disability Insurance Benefits and Supplemental Security Income. (*See* ECF No. 9-10, PageID.428, 432.) Plaintiff's claims were initially denied in April 2017. (ECF No. 9-8, PageID.312, 320.) Following a hearing on May 4, 2018, an administrative law judge

("ALJ") issued a decision denying Plaintiff's claims on August 9, 2018. (ECF No. 9-2, PageID.45–55.) On September 6, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.* at PageID.34–38.)

Following denial of his claims, Plaintiff signed a contingent fee agreement with Ball, Baton & Johnson, P.C. for representation in his appeal in federal court. (ECF No. 17-4.) That agreement stated: "I understand that representation in court will not cost me more than 25% of the past due benefits for myself and dependents, if applicable. The attorney may keep 25% of the past due benefits if awarded by the court or the EAJA fee, whichever is higher." (*Id.*)

On November 1, 2019, Plaintiff filed this Social Security appeal. (ECF No. 1.) Plaintiff moved for summary judgment on March 3, 2020. (ECF No. 12.) On April 23, 2020, the Court entered a stipulation from the parties remanding this case to the Commissioner for further administrative action (ECF No. 14.) The Court subsequently entered a stipulated order for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,375.00. (ECF No. 15.)

On remand, the Social Security Administration found that Plaintiff was disabled as of September 7, 2016. (ECF No. 17-1, PageID.1000.) In a Notice of Award dated May 31, 2021, the Social Security Administration informed Plaintiff that it was withholding 25% of his past-due benefits for representative fees in the amount of $17,963.25. (ECF No. 17-2, PageID.1006.) As such, Plaintiff's total past-due benefits were $71,853.00. (ECF No. 17, PageID.988.)

On June 14, 2021, Plaintiff's counsel, Wesley J. Lamey, filed this motion for attorney fees pursuant to 42 U.S.C. § 406(b).[1] (ECF No. 17.) The Commissioner did not oppose the motion. (*Id.* at PageID.992 n.1.)

## II. Legal Standard

Pursuant to 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." The district court may "determine . . . a reasonable fee for such representation," however an award may not be "in excess of 25

---

[1] The Court apologizes to Plaintiff and Plaintiff's counsel for the delay in resolving this motion.

3

percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1).

### III. Analysis

Plaintiff's counsel seeks an attorney fee award of $17,963.25.[2] While the Commissioner did not oppose Lamey's motion, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In the Sixth Circuit, a contingency-fee agreement that complies with § 406(b)(1)'s 25% cap is entitled to "a rebuttable presumption of reasonableness." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). However, this presumption does not apply when "the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes*, 923 F.2d at 419 (citing *Rodriquez*, 865 F.2d at 746).

---

[2] Lamey acknowledges that to receive attorney fees under § 406(b)(1), he must refund the $4,375.00 EAJA fee award he previously received to Plaintiff. (ECF No. 17, PageID.991.)

4

The Sixth Circuit has explained that "a windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. This "hypothetical hourly rate that is twice the standard rate . . . provides a floor, below which a district court has no basis for questioning . . . the reasonableness of a fee." *Id.* That said, "[t]he Sixth Circuit has not defined a 'standard rate' for purposes of § 406(b), and courts in this District have found a wide range of standard rates." *Horvath v. Berryhill*, No. 17-13746, 2020 WL 5944452, at *2 (E.D. Mich. Oct. 7, 2020) (Michelson, J.) (collecting cases) (noting standard rates ranging from below $200 up to $500).

Where a hypothetical hourly rate exceeds twice the standard rate, the district court may consider a variety of factors in determining whether the requested award is unreasonable or constitutes a windfall to the plaintiff's attorney. *See Lasley*, 771 F.3d at 309–10; *Hayes*, 923 F.2d at 422. These include "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422. The court

5

may also consider "the character of the representation," the results achieved, whether "the benefits are large in comparison to the amount of time counsel spent on the case," and "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808. If a fee award is unreasonable or constitutes a windfall, the district court may reduce the fee. *Lasley*, 771 F.3d at 310 (affirming the reduction of a fee award where the hypothetical hourly rate exceeded four times the standard rate).

Here, Lamey seeks $17,963.25 in attorney fees for 25 hours of work on this case. (*See* ECF No. 17, PageID.991; ECF No. 17-5.) If granted in full, counsel's requested award would represent a hypothetical hourly rate of $718.53. In support of this fee award and hourly rate, Lamey asserts that he "engaged in proper conduct and his representation was effective as he navigated the highly specialized disability landscape" and "worked on a contingent basis and through competent representation and zeal secured a favorable result." (ECF No. 17, PageID.990.) Lamey also quotes from a decision by the Honorable Thomas L. Ludington, which found that "an hourly rate of no more than $760 . . . is necessary to avoid a windfall to Plaintiff's

6

counsel." (ECF No. 17, PageID.991 (quoting *Rulason v. Berryhill*, No. 18-12116, slip op. at 3 (E.D. Mich. Sept. 18, 2020)).)[3] On this basis, Because "[t]he hourly amount in this case falls below that threshold," Lamey asserts that it "should not be considered a windfall." (*Id.*)

The Court disagrees. While the contingent fee agreement between Plaintiff and Lamey complies with the 25% cap on past-due benefits (*see* ECF No. 17-4), the requested fee is not entitled to a presumption of reasonableness because it is more than twice the standard rate. *See Hayes*, 923 F.2d at 422.

To identify the appropriate standard rate, courts in this District regularly look to the most recent data from the State Bar of Michigan. *See, e.g.*, *Horvath*, 2020 WL 5944452, at *3; *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 926 (E.D. Mich. 2015) (Lawson, J.). The State Bar's 2020 report indicates that for public benefits attorneys in Michigan the median hourly rate was $175, the mean rate was $208, the 75th percentile rate was $265, and the 95th percentile rate was

---

[3] The *Rulason* decision is attached to counsel's motion as ECF No. 17-6.

$350.[4] State Bar of Michigan, *Economics of Law Practice in Michigan: The 2020 Desktop Reference of the Economics of Law Practice in Michigan* 11 (2020), https://www.michbar.org/file/pmrc/articles/0000156.pdf. However, Lamey's motion fails to identify which of these potential rates are appropriate in light of his level of experience, his typical rates, or any specialized knowledge of social security law.[5] And "[e]ven considering the high-end of $350, Lamey's hypothetical rate of $[718.53] is more than double the standard rate and therefore not entitled to a per se finding of reasonableness." *Horvath*, 2020 WL 5944452, at *3 (reducing hypothetical rate to $700 per hour).

The Court must therefore consider whether the requested fee award is unreasonable and would constitute a windfall to Plaintiff's counsel. Several of the relevant factors weigh against Lamey. First, the award of past due benefits ($71,853.00) is substantial in comparison to

---

[4] Judge Ludington's opinion in *Rulason* relied on an earlier report from the State Bar of Michigan from 2017. *See Rulason*, slip op. at 2.

[5] The *Rulason* decision noted similar deficiencies in Lamey's motion there, including his failure to "provide how long he has been practicing law in general or in the area of social security disability specifically" and that "he did not demonstrate any expert knowledge in the area of social security law except for a short paragraph about the landscape of disability law generally." *See Rulason*, slip op. at 3. Judge Ludington then used the mean rate for public benefit attorneys in Michigan as the standard rate. *Id.*

the limited time counsel spent on this case. (*See* ECF No. 17-5.) From Lamey's billing records, it appears that at least some of the 25 reported hours include clerical tasks. (*See id.*) However, the exact number of clerical hours in not clear because many of these tasks are block-billed with properly charged attorney time. (*See id.*) And, as noted above, Lamey fails to provide his typical hourly rates in non-contingency cases against which the Court can evaluate the fees here.

However, there are several factors that support Lamey's requested award. First, the degree of difficulty in this case appears to be higher than the average Social Security case, as Lamey identified and briefed three different deficiencies in the ALJ's decision. (*See generally* ECF No. 12.) *Compare Horvath*, 2020 WL 5944452, at *3 ("The degree of difficulty of this case was not high. Lamey filed a relatively short summary judgment brief raising one legal error.") Moreover, in response to Plaintiff's motion for summary judgement, the Commissioner agreed to remand the case without further litigation, which resulted in a favorable decision for Plaintiff. (*See* ECF Nos. 14; 17-1.)

9

Balancing these factors, the Court finds that Lamey's representation was consistent with the 95th percentile rate for public benefit attorneys in Michigan. As such, the appropriate standard rate is $350 per hour. However, the Court finds that a hypothetical hourly rate in excess of double this standard rate is not warranted and would constitute a windfall for Lamey. Accordingly, the Court will reduce Lamey's fee award to $17,500.00, which reflects a hypothetical hourly rate of $700.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $17,500.00.

The Court ORDERS Plaintiff's counsel to refund the EAJA fee award of $4,375.00 to Plaintiff Sean Stocia. Counsel must file a notice confirming such payment has been made within thirty days of the date of this Opinion and Order.

The Commissioner of Social Security is DIRECTED to disburse $17,500.00 from the representative fees withheld from Plaintiff Shawn

Stoica's past-due benefits to Plaintiff's counsel, Wesley J. Lamey, upon presentation of this Opinion and Order.

The Commissioner of Social Security is further DIRECTED to disburse any remaining retained funds to Plaintiff Shawn Stoica.

IT IS SO ORDERED.

Dated: March 1, 2023  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager